IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**JEREMY RANKINS,**

    **Petitioner,**

v.                                                                            Case No. 5:23-cv-00558

**WARDEN KATINA HECKARD,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), Motion for Appointment of Counsel, (ECF No. 2), and Motion to Waive the Requirement to Exhaust Administrative Remedies, (ECF No. 3). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1.; that the Motion for Appointment of Counsel and Motion to Waive the Requirement to Exhaust Administrative Remedies be **DENIED**, as moot; and that this action be removed from the docket of the Court.

1

I.   **<u>Relevant History</u>**

On August 21, 2023, while incarcerated at the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley"), Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 and the two accompanying motions. (ECF Nos. 1, 2, 3). On that same day, the Deputy Clerk of Court sent Petitioner a notice advising him that he had failed to remit the filing fee and instructing him to either pay the fee or file an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 5). A form Application was provided to Petitioner for his convenience. The docket indicates that Petitioner received this communication from the Deputy Clerk.

When Petitioner failed to respond to the Deputy Clerk's notice, on September 1, 2023, the undersigned entered an Order directing Petitioner to either pay the $5.00 filing fee, or submit a completed Application to Proceed Without Prepayment of Fees and Costs within thirty days of the date of the Order. (ECF No. 7). Petitioner was advised that his failure to comply with the Order would result in a recommendation that his case be dismissed. (*Id.*). Petitioner was further advised of his obligation as a *pro se* party to promptly notify the Clerk of Court of any changes in his address. (*Id.*). Another Application form was subsequently provided to Petitioner, and the docket reflects that Petitioner received both the Order and the Application form.

Despite receiving the original notice and the Court's Order, Petitioner did not pay the fee or file the Application to Proceed Without Prepayment of Fees and Costs. Accordingly, on October 16, 2023, the undersigned entered an Order to Show Cause, noting that Petitioner had failed to comply with the prior Order and failed to communicate his reasons for noncompliance. (ECF No. 8). Petitioner was given notice that a recommendation of dismissal would be made in thirty days unless he complied

with the prior Order and showed good cause for retention of his case on the Court's docket. (*Id.*). Petitioner was also reminded of his obligation to promptly notify the Clerk of Court if he had any changes in his address. (*Id.*). The docket reflects that Petitioner received a copy of the Order to Show Cause. (*Id.*).

Despite receiving a notice and two court orders instructing Petitioner to pay the filing fee, or submit the Application, he has failed to do either. Furthermore, Petitioner has made no effort to communicate with the Court to explain his failure to comply with the court orders, nor has he sought dismissal of the petition. Lastly, Petitioner has taken no action to prosecute his claim since filing the petition over three months ago. According to the Federal Bureau of Prisons Inmate Locator, Petitioner has been transferred from FCI Beckley to the Dallas Residential Reentry Management field office located in Grand Prairie, Texas. *See* https://www.bop.gov/inmateloc/. He did not alert the Court to the fact that he is no longer in custody in this jurisdiction and did not provide the Clerk of Court with an updated residence address as required by local rule.

## II.  Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly,

under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. [1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the petitioner; (2) the amount of prejudice to the respondent caused by the delay in prosecution; (3) the presence or absence of a history of petitioner deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned **FINDS** that dismissal is warranted. A review of the docket demonstrates that Petitioner received a notice and two court orders alerting him to his obligation to pay the filing fee or submit

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

a completed Application to Proceed Without Prepayment of Fees and Costs. Petitioner was further advised that his failure to fulfill that obligation would likely result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee and never submitted a completed Application. Petitioner was given more than ample time to comply with the orders, but failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending for over three months, and he has been given that long to pay the fee or file the application form; yet, Petitioner has done neither. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the respondent, although in this proceeding, the prejudice is admittedly minimal. However, as Petitioner has wholly disregarded court orders, has made no effort to pursue his petition since filing it in August 2023, has failed to follow up with the Court in nearly three months, and left the jurisdiction without providing any notice to the Court or Clerk, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Even though Petitioner has likely been released from institutional custody, which may moot his claims, he has not had his claims considered on the merits or been permitted to address the issue of mootness. Therefore, the undersigned concludes that a dismissal in this case, without prejudice, would be most appropriate. If Petitioner decides to file another petition, he should remember that he must either pay the $5.00 filing fee or, if he does not have the funds,

submit an Application to Proceed Without Prepayment of Fees and Costs.

### III. Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petition be **DISMISSED**, without prejudice; that the Motion for Appointment of Counsel and Motion to Waive the Requirement to Exhaust Administrative Remedies be **DENIED**, as moot; and that this action be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Volk and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at the RRM Dallas in Grand Prairie, Texas.

**DATED**: November 29, 2023

Cheryl A. Eifert
United States Magistrate Judge